UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. ORTMANN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 8:22-cv-01335-GJH |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| AURINIA PHARMACEUTICALS INC., et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4860-2860-3684.v1

## I.   INTRODUCTION

This action asserts claims pursuant to the Securities Exchange Act of 1934 ("1934 Act") on behalf of those who purchased or otherwise acquired Aurinia Pharmaceuticals Inc. ("Aurinia" or "Company") securities between May 7, 2021 and February 25, 2022, both dates inclusive (the "Class Period").   In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. §78u-4(a)(3)(B)(i).

Robert E. Steckroth should be appointed lead plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.   *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).   In addition, Mr. Steckroth's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved.   *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   STATEMENT OF FACTS

Aurinia is a biopharmaceutical company that develops and commercializes therapies to treat various diseases with unmet medical need in Japan and China.   Aurinia's only product is LUPKYNIS, which it offers for the treatment of adult patients with active lupus nephritis.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Aurinia was experiencing declining revenues; (ii) Aurinia's 2022 sales outlook for LUPKYNIS would fall well short of expectations; (iii) accordingly, Aurinia had significantly overstated LUPKYNIS' commercial prospects; (iv) as a result, Aurinia had overstated its financial position and/or prospects for 2022; and (v) thus, Aurinia's public statements were materially false and misleading at all relevant times.

4860-2860-3684.v1

On February 28, 2022, Aurinia issued a press release announcing its financial results for the quarter and full year ended December 31, 2021.  Among other items, Aurinia reported a year-over-year revenue decline and announced a lower-than-expected sales outlook for 2022.  On this news, Aurinia's common share price fell by more than 24%, damaging investors.

### III.    ARGUMENT

#### A.    Mr. Steckroth Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the PSLRA] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice of the action was published on *Globe Newswire* on April 15, 2022.  *See* Declaration of Andrew C. White in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("White Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 2 -

4860-2860-3684.v1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Steckroth meets these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Steckroth's Motion Is Timely

The April 15, 2022 statutory notice advised putative class members of the pendency of the action, a summary of the core allegations and the claims asserted, and the right to move the Court for appointment as lead plaintiff by June 14, 2022.  *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  Because this motion is being timely filed by the statutory deadline, Mr. Steckroth is eligible for appointment as lead plaintiff.

### 2. Mr. Steckroth Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Steckroth purchased 10,955 shares of Aurinia stock and suffered approximately $69,629 in losses as a result of defendants' alleged misconduct.  *See* White Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Steckroth meets the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Steckroth Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage of the litigation, courts focus on the typicality and adequacy requirements.  *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 658 (E.D. Va. 2016).  Only a *prima facie* showing of typicality and adequacy is required.  *See In re Royal Ahold N.V. Sec. Litig.*, 219 F.R.D. 343, 350 (D. Md.).  "The requirement of typicality is satisfied if the movant's claim arises from the same course of events as those of the other potential class members and relies on similar legal theories to prove the defendants' liability."  *Id*.  "Adequacy depends on whether the movant 'has the ability to represent the claims of the class

- 3 -

vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class.'" *Id.* (citation omitted).

Like all putative class members, Mr. Steckroth purchased Aurinia securities during the Class Period and suffered harm as a result of defendants' alleged misconduct. As such, Mr. Steckroth suffered the same injuries as the other putative class members as a result of the same alleged conduct by defendants and has claims based on the same legal issues. Mr. Steckroth has submitted a Certification and Declaration confirming his willingness and ability to serve as lead plaintiff. *See* White Decl., Exs. B, D. Mr. Steckroth's substantial financial interest indicates he has the requisite incentive to vigorously represent the class's claims.

Because Mr. Steckroth filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**B.      The Court Should Approve Mr. Steckroth's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Mr. Steckroth has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Knurr*, 220 F. Supp. 3d at 663 ("There is no question that Robbins Geller is qualified to litigate this class

action lawsuit – it has a long record of success in these types of cases."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[1] And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that

---

[1]    *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4860-2860-3684.v1

defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving the Mr. Steckroth's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Mr. Steckroth has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Mr. Steckroth respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  June 14, 2022                           Respectfully submitted,

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
ANDREW C. WHITE (VSB No. 08821)
WILLIAM N. SINCLAIR (VSB No. 28833)

 

       s/ Andrew C. White
_____
     ANDREW C. WHITE

400 E. Pratt Street, Suite 900
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com

Local Counsel

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2022, a copy of the foregoing was electronically filed with Clerk of the Court by using the CM/ECF system, which will furnish electronic copies to all counsel.

Dated:  June 14, 2022                      /s/ Andrew C. White

                                           Andrew C. White, VSB No. 08821
awhite@mdattorney.com

4860-2860-3684.v1

# Mailing Information for a Case 8:22-cv-01335-GJH Ortmann v. Aurinia Pharmaceuticals Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roney Balson**
  mpineiro@mnrlawfirm.com

- **Jordan A Cafritz**
  jcafritz@zlk.com

- **Daren Firestone**
  dhf@cunninghamlevy.com,Northern.Taxcriminal@usdoj.gov

- **Nikoletta Sara Mendrinos**
  nikoletta.mendrinos@murphyfalcon.com,karyn.slavin@murphyfalcon.com

- **Daniel Stephen Sommers**
  dsommers@cohenmilstein.com,efilings@cohenmilstein.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`