# EXHIBIT C



# Third parties and arbitration agreements: *Fortress Value v Blue Skye*

International Arbitration Newsletter

26 JUN 2013
By: Elinor Thomas

In the recent case of *Fortress Value Recovery Fund I LLC and others v Blue Skye Special Opportunities Fund LP and others*[1] the English Court of Appeal considered the relationship between the Arbitration Act 1996 and the Contracts (Rights of Third Parties) Act 1999 (the Act) to determine the extent to which third parties to a contract will be subject to an arbitration clause in that contract.

**Allegations of a dishonest scheme**

The claimants brought proceedings in the English court against the defendants, who were managers of an investment structure holding underlying assets comprising businesses in Italy.  The investment structure was based around an English limited partnership, called the Blue Skye Fund, which was regulated by a Deed of Limited Partnership.  The claimants alleged that the defendants, acting in concert with three other individuals and twelve corporate entities, designed and implemented a dishonest scheme to reorganise the fund and its assets, the purpose and effect of which was to diminish or eliminate the rights and interests of the partners of the fund in relation to the assets, to take control and benefit of the assets themselves and to enable them to extract fees and other value from the assets.  The claims brought were English law tort claims on the basis of, among other things, conspiracy, unlawful interference and dishonest assistance.

The defendants were not parties to the Deed, but the Deed contained indemnities and exclusion clauses the benefit of which the defendants were entitled to.  The Deed also contained an arbitration clause referring disputes to ICC arbitration in London.

The defendants applied to stay the claim under section 9 of the Arbitration Act 1996, which allows a party to an arbitration agreement against whom legal proceedings are brought in respect of a matter which under the agreement is to be referred to arbitration, to apply to the court to stay the proceedings insofar as they concern that matter.  The defendants argued that they were entitled to rely on the arbitration clause pursuant to the Act.

**The Contracts (Rights of Third Parties) Act 1999**

The Act was introduced into English law to create an exception to the doctrine of privity of contract.  Essentially, section 1 of the Act allows a third party identified in a contract (by name, by description or as a member of a class) to enforce provisions of a contract where the contract expressly provides that they may or where the relevant provision confers a benefit on that third party.

DLA Piper is a global law firm operating through various separate and distinct legal entities. Further details of these entities can be found at www.dlapiper.com. This may qualify as "Attorney Advertising" requiring notice in some jurisdictions. Prior results do not guarantee a similar outcome. Copyright © 2022 DLA Piper. All rights reserved.

Section 8 of the Act deals with arbitration and provides:

*"(1) Where-*

*(a) a right under section 1 to enforce a term (the 'substantive term') is subject to a term providing for the submission of disputes to arbitration ('the arbitration agreement'), and*

*(b) the arbitration agreement is an agreement in writing for the purposes of Part 1 of the Arbitration Act 1996,*

*the third party shall be treated for the purposes of that Act as a party to the arbitration agreement as regards disputes between himself and the promisor relating to the enforcement of the substantive term by the third party.*

*(2) Where-*

*(a) a third party has a right under section 1 to enforce a term providing for one or more descriptions of dispute between the third party and the promisor to be submitted to arbitration ('the arbitration agreement'),*

*(b) the arbitration agreement is an agreement in writing for the Purposes of Part I of the Arbitration Act 1996, and*

*(c) the third party does not fall to be treated under subsection (1) as a party to the arbitration agreement,*

*the third party shall, if he exercises the right, be treated for the purposes of that Act as a party to the arbitration agreement in relation to the matter with respect to which the right is exercised, and be treated as having been so immediately before the exercise of the right."*

The Deed made express reference to the provisions of the Act.

The defendants argued that under section 8 of the Act, they should be treated as parties to the arbitration agreement, since they were entitled to enforce the indemnities and exclusion clauses pursuant to section 1 of the Act.

**The judgments of the first instance court and Court of Appeal**

Blair, J at first instance held that the defendants could not rely on section 8 of the Act because the reliance of the defendants on the indemnities and exclusion clauses in the Deed was as a contractual defence, rather than a contractual right of action subject to the arbitration clause.   Therefore, the defendants were not entitled to a stay.

The defendants appealed against the decision.

The Court of Appeal unanimously upheld the High Court's decision, although on different grounds.  Tomlinson LJ did not consider that the distinction between a right of action and a contractual defence in relation to the Act was determinative and held that the question of whether the right to benefit from a contractual exclusion is subject to the obligation to arbitrate is a matter of construction of the contract.  In this case, the Deed did not expressly provide that the indemnity or exclusion was subject to the arbitration clause so it was necessary to determine the intention of the parties.  The court considered that very clear language would be required to bring about the result that the right of a third party to take advantage of an exclusion clause in a contract to which it was not a party was also subject to an arbitration clause in the same agreement, and that there was no such clear language in the Deed.

This decision provides helpful guidance on the extent to which third parties can enforce rights under a contract containing an arbitration agreement.  The judgment reinforces the consensual nature of arbitration and emphasises the need for extremely clear drafting if parties do intend that disputes involving third parties should be arbitrated.

For more information about this decision and its meaning for your business, please contact Elinor Thomas.

**Would you like to receive other DLA Piper publications?** Please let us know where you are and we will help you choose. Click here if you are based in the Americas, here if you are based in Europe, the Middle East or Asia and here if you are based in Australia.

DLA Piper is a global law firm operating through various separate and distinct legal entities. Further details of these entities can be found at www.dlapiper.com. This may qualify as "Attorney Advertising" requiring notice in some jurisdictions. Prior results do not guarantee a similar outcome. Copyright © 2022 DLA Piper. All rights reserved.

[1] [2013] EWCA Civ 367

## AUTHORS



**Elinor Thomas**
Legal Director
London | T: +44 (0)20 7349 0296 [UK Switchboard]
elinor.thomas@dlapiper.com

DLA Piper is a global law firm operating through various separate and distinct legal entities. Further details of these entities can be found at www.dlapiper.com. This may qualify as "Attorney Advertising" requiring notice in some jurisdictions. Prior results do not guarantee a similar outcome. Copyright © 2022 DLA Piper. All rights reserved.