# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Southern Division)

|  |  |
|---|---|
| MICHAEL J. ORTMANN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No: 8:22-cv-01335-GJH |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. |  |
| AURINIA PHARMACEUTICALS INC., PETER GREENLEAF, and JOSEPH MILLER, |  |
| Defendants. |  |

## MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS AND IN FURTHER SUPPORT OF THE MOTION OF SKYE CAPITAL PARTNERS FOR APPOINTMENT <u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>

Lead Plaintiff movant Skye Capital Partners ("Skye Capital") respectfully submits this Memorandum of Law in Opposition to Competing Lead Plaintiff Motions and in further support of its Motion for Appointment as Lead Plaintiff and approval of its selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the proposed Class[1] and Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg") as Liaison Counsel in the above captioned action (the "Action").

## **PRELIMINARY STATEMENT**

On June 14, 2022, six movants or movant groups filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in the Action.  The motions were filed by Rasik Cauchon-Desai ("Cauchon-Desai") (ECF No. 13); ACDC Investments Limited ("ACDC") (ECF No. 14); Roney Balson ("Balson") (ECF No. 16); Andrew Sabin and Thomas Plossl (together, "Sabin and Plossl") (ECF No. 18); Robert E. Steckroth ("Steckroth") (ECF No. 20); and Skye Capital (ECF No. 22).  Five competing motions for appointment as lead plaintiff remain before the Court.[2]

Pursuant to the PSLRA, Skye Capital is presumptively the most adequate lead plaintiff because it has the largest financial interest in the Action, suffering losses of $6,067,912.48, far more than the losses suffered by any of the remaining competing movants.  Skye Capital also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  Thus, Skye Capital is entitled to the strong presumption of being the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption can only be rebutted "upon proof" that Skye Capital is an inadequate or atypical Class

---

[1]  All capitalized terms not otherwise defined herein shall have the same meaning as set forth in Skye Capital's opening memorandum (ECF No. 22-1).  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

[2]  On June 23, 2022, Sabin and Plossl filed a notice of non-opposition to the competing motions (ECF No. 26).

representative.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As **no proof** of Skye Capital's inadequacy exists, Skye Capital should be appointed as lead plaintiff.

## BACKGROUND

On April 15, 2022, Michael J. Ortmann ("Ortmann") filed a complaint in the U.S. District Court for the Eastern District of New York (Case No. 1:22-cv-2185) alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class consisting of all persons and entities, other than Defendants, that purchased or otherwise acquired Aurinia Pharmaceuticals Inc. ("Aurinia" or the "Company") securities between May 7 , 2021 and February 25, 2022, both dates inclusive (the "Class Period").  On April 15, 2022, plaintiff Ortmann also duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party by June 14, 2022.  *See* ECF No. 22-5.  On June 2, 2022, the Action was transferred to this Court pursuant to a stipulation by the parties.

The Action alleges that Defendants made false and/or misleading statements and/or failed to disclose that:  (i) Aurinia was experiencing declining revenues; (ii) Aurinia's 2022 sales outlook for LUPKYNIS would fall well short of expectations; (iii) accordingly, the Company had significantly overstated LUPKYNIS's commercial prospects; (iv) as a result, the Company had overstated its financial position and/or prospects for 2022; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.  ¶¶ 3, 26.

On February 28, 2022, Aurinia issued a press release announcing its financial results for the quarter and full year ended December 31, 2021.  ¶¶ 4, 27.  Among other items, Aurinia reported a year-over-year revenue decline and announced a lower-than-expected sales outlook for 2022.  *Id*.

On this news, Aurinia's common share price fell $3.94 per share, or 24.26%, to close at $12.30 per share on February 28, 2022.  ¶¶ 5, 29.

## ARGUMENT

### I.    SKYE CAPITAL SHOULD BE APPOINTED LEAD PLAINTIFF

In deciding which movant to appoint as lead plaintiff in cases brought under the PSLRA, the Court must consider losses suffered by the competing movants, from largest to smallest, and appoint the movant with the "largest financial interest in the relief sought by the class" who also "otherwise satisfies the requirements" of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(i), (iii); *see also Shah v. GenVec, Inc.*, C.A. No. DKC 12-0341, 2012 U.S. Dist. LEXIS 58509, at *4 (D. Md. Apr. 26, 2012).  Once identified, the movant with the largest financial interest must be appointed lead plaintiff, unless a competing movant produces sufficient proof to rebut the presumption in its favor. *Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at *22-23 (D. Md. Feb. 28, 2019); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  This analysis finds Skye Capital to be the most adequate lead plaintiff.

### A.    Skye Capital Possess the Largest Financial Interest

In assessing which lead plaintiff movant has the "largest financial interest," most courts consider financial losses to be the determinative factor.  *See, e.g.*, *Palm Tran, Inc. v. Emergent Biosolutions*, No. PWG-21-955, 2021 U.S. Dist. LEXIS 244894, at *11-12 (D. Md. Dec. 23, 2021); *India Globalization*, 2019 U.S. Dist. LEXIS 33329, at *11; *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5-6 (S.D.N.Y. June 21, 2018).  Skye Capital has lost $6,067,912.48 on its purchases of Aurinia securities.  These losses dwarf the next largest movant's losses *by over $5.1 million*, as set forth in the chart below.

3

| Movant | LIFO Losses |
|---|---|
| 1.  Skye Capital | ($6,067,912.48) |
| 2.  Balson | ($879,028.00) |
| 3.  ACDC | ($733,379.68) |
| 4.  ~~Sabin and Plossl~~ | ~~($656,394.00)~~ |
| 5.  Cauchon-Desai | ($604,423.60) |
| 6.  Steckroth | ($69,629.43) |

As Skye Capital has the largest financial interest of any competing movant, it is the presumptive lead plaintiff.

**B.      Movant Satisfies the Typicality and Adequacy Requirements**

Given that Skye Capital has the largest financial interest in the litigation, the Court must now "focus its attention on *that* plaintiff and determine . . . whether [it] satisfies the requirements of Rule 23(a)." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  At the lead plaintiff stage, however, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.  *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("At this stage in the litigation, a prima facie showing that the requirements of Rule 23 are met is sufficient.").  "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interest of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead will not do a 'fair and adequate' job."  *India Globalization*, 2019 U.S. Dist. LEXIS 33329, at *23 (emphasis in original) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)).

4

A lead plaintiff's claims are typical of the claims of the class if they purchased artificially inflated securities during the class period while relying on the alleged misrepresentations and suffered losses as a result. *See Klugmann v. Am. Capital Ltd.*, No. PJM 09-5, 2009 U.S. Dist. LEXIS 71895, at \*14 (D. Md. Aug. 12, 2009) ("The typicality requirement is satisfied when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory."). A lead plaintiff satisfies the adequacy requirement with a preliminary showing the movant "has the ability and incentive to represent the claims of the class vigorously whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *India Globalization*, 2019 U.S. Dist. LEXIS 33329, at \*16 (citing *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988). Here, Skye Capital satisfies both the typicality and adequacy prongs of Rule 23, requiring its appointment as Lead Plaintiff.

Skye Capital satisfies the typicality requirement. Like all members of the Class, Skye Capital: (1) purchased Aurinia securities during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result. Because of this, Skye Capital's claims are substantially similar, if not identical, to those of the other members of the Class who purchased Aurinia securities during the Class Period and suffered losses from the alleged misconduct on the part of the Defendants.

Skye Capital also readily satisfies the adequacy requirement of Rule 23. BES, proposed lead counsel for the Class, is highly experienced in securities class actions such as this and is well qualified to litigate the Action. *See* ECF No. 22-6 (firm résumé of BES). Moreover, Skye Capital has no conflicts with absentee Class members and is highly motivated to recover its losses of $6,067,912.48. *Klugmann*, 2009 U.S. Dist. LEXIS 71895, at \*15 ("Because of the large financial

losses suffered by its own members, ACIG has a significant interest in successfully prosecuting this action."); *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *7 (S.D.N.Y. Apr. 12, 2018) (Movants' "substantial losses provide a sufficient incentive to vigorously litigate this case").

Skye Capital possesses the largest financial interest and satisfies Rule 23, and therefore should be appointed lead plaintiff pursuant to the PSLRA.

### C.    No Proof Exists to Rebut the Presumption in Favor of Skye Capital

Having demonstrated that Skye Capital the presumptive Lead Plaintiff in the Action, that strong presumption can be rebutted only with proof that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Rice v. Genworth Fin. Inc.*, C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *24 (E.D. Va. Aug. 25, 2017) ("To demonstrate that the lead plaintiff will be inadequate, courts require a showing of 'specific support in evidence of the existence of an actual or potential conflict of interest.'"); *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff as "[t]he conflict of interest must be shown, not merely speculated"). A court's "task . . . is not to compare and contrast the relative merits of the [] movants" and "[a]bsent some *proof* that [a movant] cannot fulfill its responsibilities, the presumption must stand." *India Globalization*, 2019 U.S. Dist. LEXIS 33329, at *24 (emphasis in original). Here, no proof exists to rebut the presumption. Skye Capital has no conflicts with the members of the Class and is motivated to recover the heavy losses it suffered and therefore should be appointed as Lead Plaintiff pursuant to the PSLRA.

### II.    SKYE CAPITAL'S CHOICE OF COUNSEL SHOULD BE APPROVED

The Court should also approve Skye Capital's selection of BES as lead counsel for the putative class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the

class subject to approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention."  *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015).  BES is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors as detailed in its Firm Résumé.  ECF No. 22-6.  BES has been appointed as lead counsel in many similar class actions arising under the federal securities laws.  *See, e.g.*, *Subramanian v. Watford*, C.A. No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. Apr. 29, 2021) (noting the firm's qualifications, experience, and ability to conduct the litigation); *Saint Jermain v. Fluidigm Corp.*, No. 20-cv-06617-PJH, 2020 U.S. Dist. LEXIS 234646, at *12 (N.D. Cal. Dec. 14, 2020) (appointing BES as lead counsel); *Turnofsky v. electroCore, Inc.*, Civ. No. 19-18400, 2020 U.S. Dist. LEXIS 72313, at *16 (D.N.J. Apr. 24, 2020) (appointing BES as lead counsel, noting the firm's experience with securities class actions); *Dennee v. Slack Tech., Inc.*, No. 3:19-cv-05857-SI, ECF No. 50 (N.D. Cal. Jan. 8, 2020); *Crumrine v. Vivint Solar Inc.*, No. 2:20-cv-00919-JNP-CMR, ECF No. 24 (D. Utah June 29, 2020); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497, at *13 (S.D.N.Y. Sept. 17, 2018) (appointing BES as lead counsel, noting the firm's qualifications).

## III.    ALL COMPETING LEAD PLAINTIFF MOTIONS SHOULD BE DENIED

Skye Capital has the largest financial interest in this Action, has made the *prima facie* showing of its typicality and adequacy, and there is no proof to rebut the strong presumption in favor of appointing it as lead plaintiff.  This alone is sufficient grounds for the Court to grant Skye Capital's motion and deny the competing motions for appointment as lead plaintiff.

Balson, the movant with the second highest losses, failed to provide even the most basic personal information to make any determination as to his adequacy to serve as lead plaintiff.  In

comparison, Salvatore Cercione ("Cercione"), the trustee and beneficial owner of Skye Capital, included in Skye Capital's certification, Cercione's residence, education, occupation, and investing experience.

A movant bears the burden of making a preliminary showing that they meet the adequacy requirements "based on the information [they have] provided in [their] pleadings and declarations." *Cavanaugh*, 306 F.3d at 730. By failing to provide any information besides his name, Balson has failed to make a showing of adequacy and neither the Court nor competing movants will be able to confirm that he will be able to fulfill the responsibilities of lead plaintiff. *See, e.g.*, *Perez v. Hexo Corp.*, No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 32381, at *7 (S.D.N.Y. Feb. 25, 2020) ("given Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this [case]"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at *14 (N.D. Ill. Nov. 15, 2019) ("Although it generally suffices for a lead plaintiff movant to make a prima facie showing of adequacy, . . . to do so a movant must supply *some* information about its ability to perform the role of lead plaintiff diligently and effectively.") (emphasis in original); *Switzenbaum*, 187 F.R.D. at 250 (where movants only provided names and securities transaction information adequacy was "in doubt").

Additionally, Balson does not explain how he arrived at a loss amount of $879,028, failing to provide a loss chart, and lists two different loss amounts in his memorandum, $875,000 and $879,028. *See* ECF No. 17 at 1 and 5. For these reasons, Balson's motion should be denied.

**CONCLUSION**

For all the foregoing reasons, Skye Capital respectfully requests that the Court: (1) appoint Skye Capital as Lead Plaintiff on behalf the Class; (2) approve Skye Capital's selection of BES as

8

Lead Counsel and Adelberg as Liaison Counsel for the Class; and (3) grant such other and further

relief as the Court may deem just and proper.


DATED:  June 28, 2022                              Respectfully submitted,

                                                  **ADELBERG, RUDOW, DORF &**
                                                  **HENDLER, LLC**

                                                  By: */s/ Andrew Radding*
                                                  Andrew Radding (#00195)
                                                  7 St. Paul Street, Suite 600
                                                  Baltimore, Maryland 21202
                                                  Telephone:    (410) 986-0824
                                                  Facsimile:    (410) 539-5834
                                                  Email:        aradding@adelberg.com

                                                  *Liaison Counsel for Movant Skye Capital Partners*

                                                  **BRAGAR EAGEL & SQUIRE, P.C.**
                                                  Lawrence P. Eagel
                                                  Melissa A. Fortunato
                                                  Marion C. Passmore
                                                  810 Seventh Avenue, Suite 620
                                                  New York, NY 10019
                                                  Telephone:  (212) 308-5858
                                                  Facsimile:  (212) 214-0506
                                                  Email:        eagel@bespc.com
                                                            fortunato@bespc.com
                                                            passmore@bespc.com

                                                  *Counsel for Movant Skye Capital Partners*
                                                  *and Proposed Lead Counsel for the Class*

9

## CERTIFICATE OF SERVICE

I, Andrew Radding, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 28th day of June, 2022.

*/s/ Andrew Radding*
Andrew Radding

10