## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL J. ORTMANN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AURINIA PHARMACEUTICALS INC., PETER GREENLEAF, and JOSEPH MILLER,<br><br>Defendants. | Case No.: 8:22-cv-01335-GJH<br><br>Hon. George Jarrod Hazel |

## ACDC INVESTMENTS LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION <u>FOR APPOINTMENT AS LEAD PLAINTIFF</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ...................................................................................................................... 3

    I.    SKYE CAPITAL PARTNERS FILED A DEFICIENT CERTIFICATION IN SUPPORT OF ITS MOTION AND IS THEREFORE SUBJECT TO A UNIQUE DEFENSE. ..................................................................................................................... 3

    II.    SALVATORE CERCHIONE'S POTENTIAL INVOLVEMENT IN THE LAWSUIT PROVIDES ADDITIONAL GROUND TO DENY SKYE CAPITAL PARTNERS' MOTION FOR LEAD PLAINTIFF. ................................................... 5

    III.    SKY CAPITAL PARTNERS CANNOT RECTIFY ITS DEFICIENT MOTION WITH ADDITIONAL UNTIMELY FILINGS. ...................................................... 6

    IV.    THE COURT SHOULD APPOINT ACDC AS THE LEAD PLAINTIFF. ................... 7

CONCLUSION...................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*In re Able Labs. Sec. Litig.*,
   425 F. Supp. 2d 562 (D.N.J. 2006 ................................................................. 3, 6

*In re Enzymotec Ltd. Sec. Litig.*,
   No. 14-5556, 2015 U.S. Dist. LEXIS 25720 (D.N.J. Mar. 3, 2015)..................................... 2, 4

*Karp v. Diebold Nixdorf, Inc.*,
   No. 19-cv-6180(LAP), 2019 U.S. Dist. LEXIS 188670 (S.D.N.Y. Oct. 30, 2019).................. 7

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)........................................................................ 4

*Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*,
   No. 3:15-cv-7350 (FLW) (DEA), 2016 U.S. Dist. LEXIS 68952 (D.N.J. May 26, 2016)....... 1

*Nasin v. Hongli Clean Energy Techs. Corp.*,
   No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017)......... 2, 3, 6, 7

*Oklahoma Law Enforcement Retirement System v. Adeptus Health Inc.*,
   2017 U.S. Dist. LEXIS 140268 (E.D. Tex. 2017) ................................................... 3, 6

*In re Regions Morgan Keegan Open-End Mut. Fund Litig.*,
   2009 WL 10665043 (W.D. Tenn. Sept. 30, 2009)................................................... 6

*Shiring v. Tier Techs., Inc.*,
   244 F.R.D. 307 (E.D. Va. 2007) ........................................................................... 1, 5

*Sklar v. Amarin Corp. PLC*,
   No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014)........ 1

*Smith v. Suprema Specialties, Inc.*,
   206 F. Supp. 2d 627 (D.N.J. 2002) ........................................................................ 2

*Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*,
   No. 11-6247 (JBS/KMW), 2012 U.S. Dist. LEXIS 118693 (D.N.J. Aug. 22, 2012)............... 4

*In re Surebeam Corp. Sec. Litig.*,
   No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003 ............ 5

*Switzenbaum v. Orbital Sciences Corp.*,
   187 F.R.D. 246 (E.D. Va. 1999) ........................................................................... 6

*In re Telxon Corp. Sec. Litig.*,
   67 F. Supp. 2d 803 (N.D. Ohio 1999)..................................................................... 6

*Tomaszewski v. Trevena, Inc.,*
    383 F. Supp. 3d 409 (E.D. Pa. 2019) ................................................................................ 2, 7

*In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.,*
    209 F.R.D. 353 (S.D.N.Y. 2002) ......................................................................................... 2

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................... *passim*

**PRELIMINARY STATEMENT**

Out of the six movants who initially filed motions for lead plaintiff last month, only two now remain: ACDC Investments Limited ("ACDC") and Skye Capital Partners. All other motions have either been withdrawn or abandoned.[1] Thus, the only issue left for the Court to decide is whether ACDC should be appointed as the lead plaintiff due to the fact that Skye Capital Partners failed to timely file the requisite "certification" and/or is otherwise subject to a disqualifying "unique defense." For the reasons stated in its opposition and reiterated below, ACDC's motion should be granted.

A "unique defense" need not be guaranteed, disqualification is appropriate even if the defense could *potentially* be an issue. *See Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 314 (E.D. Va. 2007). Skye Capital Partners' "unique defense" certainly meets this threshold. In every action governed by the PSLRA (including this one), a "plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification." 15 U.S.C. § 78u-4(a)(2)(A). Skye Capital Partners failed to meet this simple requirement. Instead, the certification it submitted was signed by Salvatore Cerchione in his individual capacity. Further, neither the certification nor the accompanying motion documents provided any indication that Mr. Cerchione was authorized to act on behalf of Skye Capital Partners. Skye Capital Partners is supposedly a trust, but without any

---

[1] On June 23 and 29, 2022, movants Thomas Plossl and Robert Steckroth filed notices of non-opposition and/or withdrew their motions. *See* ECF Nos. 26 and 29. Movants Roney Balson and Rasik Cauchon-Desai declined to file oppositions in response to the competing lead plaintiff motions and, therefore, abandoned their motions. *See*, *e.g.*, *Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, No. 3:15-cv-7350 (FLW) (DEA), 2016 U.S. Dist. LEXIS 68952, at *10 (D.N.J. May 26, 2016) ("[A]lthough [movants] have not withdrawn their motions to be appointed lead counsel, they have also not filed any opposition to the [competing] motions and, accordingly, [their] motions are deemed abandoned"); *Sklar v. Amarin Corp. PLC*, No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *13 (D.N.J. July 29, 2014) ("[Some] movants have . . . abandoned their motions by not otherwise fil[ing] any additional papers indicating any opposition.").

further information as to how it operates or the laws under which it was formed, the parties and Court have no way to evaluate its adequacy under Rule 23. The only information known to date is that Mr. Cerchione, who appears to be the party in fact seeking to serve as the lead plaintiff, was previously embroiled in a high-profile legal battle stemming from fraudulent conduct and breaches of fiduciary duty.

The case law on this point is clear. Where a certification is submitted by an entity without any demonstration that the signatory has "authority . . . to take action on [the entity's] behalf," "a unique defense [consequently] renders [it] 'incapable of adequately representing the class.'" *See In re Enzymotec Ltd. Sec. Litig.*, No. 14-5556, 2015 U.S. Dist. LEXIS 25720, at *6-10 (D.N.J. Mar. 3, 2015); *accord Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634-35 (D.N.J. 2002) (investment advisor's motion denied because it failed to submit "any evidence that it received permission to move on its clients' behalf."); *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002) (same). Skye Capital Partners' failure to timely file the requisite certification demonstrating its willingness and ability to serve as a lead plaintiff is fatal to its motion, as any effort to rectify the issue at this late stage would be entirely improper. *See Tomaszewski v. Trevena, Inc.,* 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) ("errors in [movant's] sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class"); *see also Nasin v. Hongli Clean Energy Techs. Corp.*, No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673, at *8 (D.N.J. Nov. 21, 2017) (disqualifying movant for lead plaintiff who filed amended certification "after the 60-day deadline").

The class should not be subjected to the risks presented by Skye Capital Partners, Mr. Cerchione, their deficient motion, or checkered past, especially when ACDC stands ready, willing

2

and able to serve as lead plaintiff. Indeed, ACDC has the next "largest financial interest" in the litigation once Skye Capital Partners is eliminated. With over $730,000 of potentially recoverable losses (ECF No. 14-4), and without being subject to any sort of "unique defense," ACDC satisfies the typicality and adequacy requirements of Rule 23 and is by far the "most adequate plaintiff" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Therefore, the Court should grant ACDC's motion and approve it and its chosen counsel as lead plaintiff and lead counsel, respectively.

<u>**ARGUMENT**</u>

I.     **SKYE CAPITAL PARTNERS FILED A DEFICIENT CERTIFICATION IN SUPPORT OF ITS MOTION AND IS THEREFORE SUBJECT TO A UNIQUE DEFENSE.**

Skye Capital Partners' deficient certification gives rise to a "unique defense" and disqualifies it from meeting Rule 23's adequacy requirements. As set forth under the PSLRA, "[e]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification" representing, *inter alia*, that he is "willing to serve as a representative party," that he has identified "all of [their] transactions in the security that is the subject of the complaint," and that he "will not accept any payment for serving as a representative party." 15 U.S.C. § 78u-4(a)(2)(A); *Nasin*, 2017 U.S. Dist. LEXIS 192673, at *8 ("the PSLRA requires each movant to submit a sworn certification attesting to the required six declarations"); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 565 (D.N.J. 2006) ("sworn certification . . . required by 15 U.S.C. § 78u-4(a)(2)(A)"); *see also Oklahoma Law Enforcement Retirement System v. Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at *13 (E.D. Tex. 2017) ("[C]ompliance with the procedural

3

requirements of the PSLRA is mandatory and should be strictly enforced."). Skye Capital Partners'

certification failed to comply with this requirement.

Instead, the certification submitted by Skye Capital Partners is signed by Salvatore

Cerchione and makes representations only in his individual capacity. For example, Mr. Cerchione

(not Skye Capital Partners) states that, "I want to serve as a lead plaintiff and representative party

on behalf of the class . . ." ECF No. 22-3 at ¶4. And while Mr. Cerchione states that he is "the

trustee and beneficial owner of Skye Capital Partners," there is no further information as to whether

he is authorized to take action on behalf of Skye Capital Partners, what Skye Capital Partners does,

how it is operated, what jurisdiction applies to it, or whether other representatives are necessary to

act on its behalf. The only statements in the certification are those made by and on behalf of Mr.

Cerchione, including his signature which is made in his individual capacity. *See id.* ("*I* have

reviewed the complaint," "*I* did not purchase the securities," "Attached hereto as Schedule A is a

complete listing of all *my* Aurinia Pharmaceuticals, Inc., . . . transactions"). Skye Capital Partners'

failure to submit a proper and timely certification is fatal to its motion. *See In re Enzymotec Ltd.

Sec. Litig.*, 2015 U.S. Dist. LEXIS 25720, at *6-10 (holding that the presumption in favor of lead

plaintiff movant 3B Communications was "successfully rebutted" where 3B was subject to a

unique defense because its certification "provide[d] no indication that its signer . . . is authorized

to sign the certification on 3B's behalf."); *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F.

Supp. 3d 523, 538 (S.D.N.Y. 2015) ("Some courts have rejected lead plaintiff applications on the

ground that the relevant PSLRA certification lacks any indication that its signatory had the

requisite authority."); *Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, No.

11-6247 (JBS/KMW), 2012 U.S. Dist. LEXIS 118693, at *34-36 (D.N.J. Aug. 22, 2012) (rejecting

4

a movant's application because its certification did not specify that it was executed on behalf of the signatory's subsidiaries).

## II.   SALVATORE CERCHIONE'S POTENTIAL INVOLVEMENT IN THE LAWSUIT PROVIDES ADDITIONAL GROUND TO DENY SKYE CAPITAL PARTNERS' MOTION FOR LEAD PLAINTIFF.

As set out by ACDC in its opposition to Skye Capital Partners' motion for lead plaintiff, Mr. Cerchione was recently accused of fraudulent conduct and breaches of fiduciary duty. In particular, Mr. Cerchione was accused of "design[ing] and implement[ing] a dishonest scheme to reorganise [an investment fund] and its assets, the purpose and effect of which was to diminish or eliminate the rights and interests of the partners of the fund in relation to the assets, to take control and benefit of the assets themselves and to enable them to extract fees and other value from the assets." ECF No. 27-4. The claims brought against Mr. Cerchione were "English law tort claims on the basis of, among other things, conspiracy, unlawful interference and dishonest assistance." *Id*. While the deficient certification alone is enough to deny Skye Capital Partners' motion, Mr. Cerchione's past misconduct "implicates [his] ability to serve as a fiduciary" and consequently weighs heavily in favor of disqualifying him or any entity he controls from serving as the lead plaintiff. *See In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *22 (S.D. Cal. Dec. 31, 2003); *see also Shiring*, 244 F.R.D. at 316-17 ("[P]laintiff is inadequate because he has not demonstrated the requisite credibility to ensure that he will act as an appropriate fiduciary. As noted, [a]s a fiduciary for the class, [plaintiff class representative] . . . [is] required to adhere to the highest standards of honesty and integrity. Thus, to be appointed class representative, a plaintiff must demonstrate that he exhibits honesty, conscientiousness, and other affirmative personal qualities." (internal citations and quotations omitted)).

5

III.   **SKY CAPITAL PARTNERS CANNOT RECTIFY ITS DEFICIENT MOTION WITH ADDITIONAL UNTIMELY FILINGS.**

A movant must move the court to be appointed lead plaintiff of the purported class "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). In doing so, the PSLRA requires each movant to submit a sworn certification attesting to the required six declarations. § 78u-4(a)(2)(A). Courts routinely enforce this 60-day deadline, strictly. *See, e.g.*, *In re Able Laboratories Securities Litig.*, 425 F. Supp. 2d at 565-66 (refusing to consider a movant's revised certification alleging a larger financial loss after the 60-day deadline had passed); *Nasin*, 2017 U.S. Dist. LEXIS 192673, at *8-9 (finding where movant failed to include a required certification with its initial timely motion, movant was not the "presumptively most adequate lead plaintiff"); *Adeptus Health Inc.*, 2017 U.S. Dist. LEXIS 140268, at*13 ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."); *In re Regions Morgan Keegan Open-End Mut. Fund Litig.*, 2009 WL 10665043, at *4 (W.D. Tenn. Sept. 30, 2009) ("As other courts interpreting the language of the PSLRA have found, the language of the statue [sic] is plain: the sixty-day deadline is mandatory."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action."); *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 249-50 (E.D. Va. 1999) (ruling that a plaintiff, who movant attempted to add after sixty-day period, could neither be considered individually nor as part of the movant group that had filed a timely motion). Thus, any effort by Skye Capital Partners to belatedly amend its certification must be rejected.

6

*Nasin v. Hongli Clean Energy Techs. Corp.*, *supra*, is directly on point here. In that case, the movant omitted language from his certification stating that it was signed under penalty of perjury. 2017 U.S. Dist. LEXIS 192673, at *8. Even though the movant claimed that the omission was an oversight and inconsequential, the court refused to accept an amended certification with the additional few words because it was "filed after the 60-day deadline." *Id*. at *9. Thus, given that the certification at bar contains a far more substantive defect (*i.e.*, an apparent lack of authority or representations on behalf of the moving entity), it stands to reason that *Nasin* weighs heavily in favor of rejecting any attempt to cure the defective certification filed by Skye Capital Partners in the first instance. *See also Karp v. Diebold Nixdorf, Inc.*, No. 19-cv-6180(LAP), 2019 U.S. Dist. LEXIS 188670, at *18 (S.D.N.Y. Oct. 30, 2019) ("The Court thus finds that the errors in the Aroras' submissions further 'militate against appointment and render [them] inadequate to serve as lead plaintiff.'"); *Tomaszewski*, 383 F. Supp. 3d at 414 (disqualifying movant with certification containing errors).

## IV.    THE COURT SHOULD APPOINT ACDC AS THE LEAD PLAINTIFF.

ACDC has the largest financial interest once Skye Capital Partners is disqualified. ACDC satisfies the typicality and adequacy requirements too. ACDC's claims are typical of those of other Class members because, like other Class members, it purchased Aurinia securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. *See* Memorandum in Support of Motion, *See* ECF No. 14-1. ACDC has also made a preliminary showing of adequacy. ACDC's choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF. No. 14-7 (Levi & Korsinsky firm resume). Finally, ACDC has further demonstrated its adequacy by submitting a declaration in support of its Motion executed by its attorney-in-fact for the litigation, Federic

7

Banjout, attesting that he is a sophisticated investor and establishing without question that he is authorized to act on behalf of ACDC by attaching a true and correct copy of his Special Power of Attorney with the apostille stamp. ECF No. 14-6 at pp. 4-5.

ACDC, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, ACDC is entitled to the presumption that it is the "most adequate plaintiff" and that it should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

<strong><u>CONCLUSION</u></strong>

For the reasons set forth above and in the opening motion papers, ACDC respectfully requests that this Court: (1) appoint it as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky LLP as Lead Counsel for the Class.

Dated: July 12, 2022                                  Respectfully Submitted,


**LEVI & KORSINSKY, LLP**


By: /s/ *Jordan A. Cafritz*
Jordan A. Cafritz (Bar #:20908)
1101 30th Street NW, Suite 115
Washington, D.C. 20007
Tel: (202) 774-5795
Fax: (212) 363-7171
Email: jcafritz@zlk.com

Adam M. Apton (*pro hac vice* forthcoming)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for ACDC Investments
Limited and [Proposed] Lead Counsel for
the Class*

## **CERTIFICATE OF SERVICE**

I, Jordan A. Cafritz, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 12th day of July 2022.

> */s/ Jordan A. Cafritz*
> Jordan A. Cafritz