**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Southern Division)

|  |  |
|---|---|
| MICHAEL J. ORTMANN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No: 8:22-cv-01335-GJH |
| Plaintiff, | CLASS ACTION |
| v. |  |
| AURINIA PHARMACEUTICALS INC., PETER GREENLEAF, and JOSEPH MILLER, |  |
| Defendants. |  |

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE MOTION OF SKYE CAPITAL PARTNERS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION
OF COUNSEL, AND IN FURTHER OPPOSITION TO COMPETING MOTIONS**

Lead Plaintiff movant Skye Capital Partners ("Skye Capital") respectfully submits this reply memorandum of law in further support of its motion for appointment as lead plaintiff and approval of its selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel for the proposed Class[1] and Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg") as Liaison Counsel in the above captioned action (the "Action"), and in opposition to the competing motion of ACDC Investments Limited ("ACDC Investments") (ECF No. 14).

## PRELIMINARY STATEMENT

The number of movants for appointment as lead plaintiff pursuant to the Private Securities Litigation Act of 1995 ("PSLRA") in this Action has been narrowed down to two: Skye Capital and ACDC Investments.[2]  Skye Capital's losses are over $6 million, dwarfing the claimed losses of ACDC Investments by more than 8 times.  Skye Capital has the largest financial interest and is otherwise adequate and typical under Rule 23.  *See* ECF Nos. 22-1 and 28.  Skye Capital is therefore entitled to the presumption that it is the "most adequate plaintiff" under the PSLRA (15 U.S.C. § 78u-4(B)(iii)(I)) and should be appointed lead plaintiff by the Court.

ACDC Investments tries to rebut the strong presumption by arguing that Skye Capital is subject to a unique defense due to the submission of a purportedly inadequate certification because it lacked specific authorization wording.  ECF No. 27 at 2, 9-12.  But Skye Capital's certification

---

[1]  All capitalized terms not otherwise defined herein shall have the same meaning as set forth in Skye Capital's opening memorandum (ECF No. 22-1).  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

[2]  Movants Andrew Sabin and Thomas Plossl filed a notice of non-opposition to the competing motions on June 23, 2022 (ECF No. 26).  Movant Robert E. Steckroth filed a notice of withdrawal on June 29, 2022 (ECF No. 29).  Movants Rasik Cauchon-Desai and Roney Balson did not submit any response or opposition and thus have abandoned their motions and failed to oppose Skye Capital's motion.  *See, e.g.*, *Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, C.A. No. 3:15-cv-7350 (FLW) (DEA), 2016 U.S. Dist. LEXIS 68952, at *10 (D.N.J. May 26, 2016) (as movants have "not filed any opposition" their "motions are deemed abandoned").

was properly executed by Salvatore Cerchione, the person with authority over Skye Capital and the person fully responsible for Skye Capital's trading in Aurinia securities. Skye Capital, a Cayman Island company, purchased the Aurinia shares and suffered the losses at issue in this Action. *See* Declaration of Andrew Radding ("Radding Declaration" or "Radding Decl."), Exhibits ("Ex.") 1 and 1-A. Skye Capital is a company that is part of Mr. Cerchione's family trust which led to identification of Mr. Cerchione in the original certification as a trustee rather than director, but both titles indicate authority. *See* Radding Decl., Ex. 1 (Declaration of Salvatore Cerchione (the "Declaration")) at ¶ 2, filed concurrently herewith. These minor discrepancies are corrected in the amended certification submitted herewith, resolving all purported doubt as to Mr. Cerchione's authority to move on Skye Capital's behalf. *See* Radding Decl., Ex. 1-A (the "Amended Certification").

ACDC Investments also argues that Mr. Cerchione's involvement in a commercial litigation over 10 years ago makes Skye Capital inadequate. That argument also lacks merit. Like any sophisticated businessman or businesswoman, being involved in prior litigation does not disqualify the investor from acting as a proposed lead plaintiff. As explained below, there was never a trial, the allegations were disputed, and the matter was resolved in a settlement. *See* Declaration at ¶ 5. Mr. Cerchione serves on numerous boards of directors and as a fiduciary in various capacities. *Id.* at ¶ 6; Ex. 1-C (Cerchione CV). He is a more than an adequate fiduciary and a sophisticated class representative on behalf of Skye Capital.

## **ARGUMENT**

**I.    SKYE CAPITAL HAS THE LARGEST**
**FINANCIAL INTEREST BY A MULTIPLE OF 8**

The PSLRA provides that the presumptive lead plaintiff is the plaintiff that has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B) (iii)(I); *Shah v.*

*GenVec, Inc.*, C.A. No. DKC 12-0341, 2012 U.S. Dist. LEXIS 58509, at *4 (D. Md. Apr. 26, 2012).  Skye Capital clearly has the largest financial interest of any movant with losses of over $6 million, more than 8 times more than ACDC Investments and thus is the presumptive lead plaintiff. *See* ECF No. 28 at 3-4 and ECF No. 27 at 2, 5.[3]

The presumption in favor of Skye Capital can be rebutted only with proof of inadequacy or atypicality.  *Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at *22-23 (D. Md. Feb. 28, 2019).  "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead will not do a 'fair and adequate' job."  *Id.* at *23 (emphasis in original) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)).  The purported "proof" provided by ACDC Investments is that Skye Capital's certification failed to include language regarding Mr. Cerchione's authority, and that Mr. Cerchione was involved in a business dispute over 10 years ago.  Neither argument is sufficient to rebut Skye Capital's adequacy to act as lead plaintiff.

## II.   THE PRESUMPTION IN FAVOR OF APPOINTMENT OF SKYE CAPITAL AS LEAD PLAINTIFF HAS NOT BEEN REBUTTED

ACDC Investments' adequacy argument based on Skye Capital's certification fails. Although the certification submitted by Skye Capital and Mr. Cerchione does not include the exact "authority" words ACDC Investments claims is required (ECF No. 27 at 2, 9-11), it does indicate that Mr. Cerchione has the necessary authority over Skye Capital and is the person responsible for

---

[3]  In fact, as noted by ACDC Investments, Skye Capital not only has the largest losses, but also the largest financial interest when considering the additional factors of number of shares purchased, number of net shares purchased, and total net funds expended.  *See* ECF No. 27 at 5.

entering into the transactions at issue here.  Skye Capital and Mr. Cerchione have now submitted an Amended Certification and Declaration addressing ACDC Investments' concerns and mooting the issue.  *See, e.g.*, *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 478 (S.D.N.Y. 2016) (accepting "supplemental certification clarifying that the individual signer was acting in his capacity as an agent of the entity" to "remedy any purported deficiencies").

 "As an initial matter 'it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit . . . a certificate' under 15 U.S.C. § 78u-4(a)(2)(A), since that section is entitled 'Certification Filed with Complaint.'" *Baron v. Talkspace, Inc.*, No. 22 Civ. 163 (PGG), 2022 U.S. Dist. LEXIS 99732, at \*17 (S.D.N.Y. June 3, 2022) (quoting *Lucas v. United Oil Fund, LP*, No. 20 Civ. 4740 (PGG), 2020 U.S. Dist. LEXIS 169684, at \*15 (S.D.N.Y. Sept. 16, 2020)); *see also Blake v. Canoo Inc.*, CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484, at \*18-19 (C.D. Cal. Feb. 18, 2022) (the "PSLRA's text is ambiguous as to whether it requires a party moving for appointment as lead counsel to file a formal certification") (collecting cases).  As it is unsettled whether Skye Capital is even required to submit a certification, no specific language can be required in a certification, as ACDC Investments contends, and submission of an amended certification is permissible.

 A situation similar to this occurred in *Khunt v. Aliababa Group Holding Limited*, with the movant filling out the certification in the first person singular when moving on behalf of a company and failing to state that the individual signing the certification had "authority to execute the certification on [the company's] behalf." 102 F. Supp. 3d 523, 537-38 (S.D.N.Y. 2015).  The court in *Khunt* noted that the individual did state that he was the company's "sole director," distinguishing the certification from those in *In re Enzymotec Ltd. Securities Litigation*, C.A. No. 14-5556, 2015 U.S. Dist. LEXIS 25720 (D.N.J. Mar. 3, 2015) and *Steamfitters Local 449 Pension*

4

*Fund v. Central European Distribution Corporation*, C.A. No. 11-6247 (JBS/KMW), 2012 U.S. Dist. LEXIS 118693 (D.N.J. Aug. 22, 2012), as in those cases there was "*no* indication that the certification was signed on behalf of the movant" compared to the certification where it was indicated that the individual was the sole director of the company.[4]  *Khunt*, 102 F. Supp. 3d at 538. Thus, neither *Enzymotec* nor *Steamfitters Local* are "informative," as ACDC Investments asserts (ECF No. 27 at 10-11), but distinctly different than the situation at hand.[5]

The court in *Khunt* rejected the argument regarding the certification on the above grounds and because a declaration was submitted clarifying that the individual was acting in his capacity as the company's director and had the authority to sign.  *Khunt*, 102 F. Supp. 3d at 538.  Likewise, Skye Capital submits herewith the Amended Certification and Declaration making clear that Mr. Cerchione has the authority to act on Skye Capital's behalf as its sole director.[6]  Radding Decl., Exs. 1 and 1-A. "Courts may consider amended certifications when competing movants challenge

---

[4]  Furthermore, in *Steamfitters Local*, the movant was not only rejected due to failure to file an adequate certification, but also due to the fact they failed to file a timely motion.  2012 U.S. Dist. LEXIS 118693, at *33-34.

[5]   The additional purportedly supportive cases cited to by ACDC Investments are also distinguishable.  ECF No. 27 at 10.  In *Smith v. Suprema Specialties*, an investment advisor failed to submit evidence that it had the authority to move on behalf of its clients.  206 F. Supp. 2d 627, 634 (D.N.J. 2002).  Here, Mr. Cerchione is the sole director of Skye Capital and, as stated in the Amended Certification, has the authority to move on its behalf.  *See* Declaration at ¶¶ 2-3 and Amended Certification at ¶ 1, attached to the Radding Declaration as Exs. 1 and 1-A, respectively. Skye Capital does not represent clients like the movant in *Suprema*.  *See also Sinai Roth v. Knight Trading Grp.*, 228 F. Supp. 2d 524, 529 (D.N.J. 2002) (distinguishing *Suprema* where investment advisor demonstrated it had authority).  In *In re Turkcell Iletisim Hizmetler, A.S. Securities Litigation*, the investment advisor was not shown to be the legal purchaser of the stock at issue, which is not the case here.  209 F.R.D. 353, 358 (S.D.N.Y. 2002).

[6]  As noted in Mr. Cerchione's Declaration, there was a mistake in naming him as trustee of Skye Capital instead of director in the initial certification.  *See* Declaration at ¶ 2.  This correction is permitted as noted herein.  Skye Capital is not Blue Skye Capital Partners S.a.r.l. as ACDC Investments suggests (ECF No. 27 at 10 n.4), and clearly is the correct name of the entity as discussed in the Declaration and as shown in the Certificate of Incumbency attached thereto. Declaration at ¶¶ 3-4; Ex. 1-B.

5

alleged defects in the original certification." *Canoo*, 2022 U.S. Dist. LEXIS 36484, at *20 (collecting cases). *See also Talkspace*, 2022 U.S. Dist. LEXIS 99732, at *18 ("courts have allowed certifications to be amended after the sixty-day deadline has passed") (collecting cases); *Roby v. Ocean Power Techs.*, C.A. No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388, at *27 (D.N.J. Mar. 17, 2015) ("Courts have found supplemental certifications sufficient to remedy deficiencies in the PSLRA certification."); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *11 (N.D. Cal. Aug. 11, 2014) (rejecting adequacy argument due to amended certification).

The court in *Khunt* further noted that "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." 102 F. Supp. 3d at 538-39 (such errors are "simply [] not the type of adequacy issue that would divert the fact finders' attention from the merits and thus infect the claims of the class as a whole") (collecting cases). *See also In re Silver Wheaton Corp. Sec. Litig.*, No. 2:15-cv-05146-CAS (JEMx), 2017 U.S. Dist. LEXIS 72787, at *28 (C.D. Cal. May 11, 2017) (accepting amended certification and noting that the "errors do not demonstrate a conflict with the Class, nor do they make plaintiff's claims atypical of the Class"); *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *18 (N.D. Cal. Jan. 25, 2017) ("Multiple district courts have held that minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement."). Thus, Skye Capital's purported deficiencies in the original certification have no bearing on Skye Capital's adequacy and ACDC Investments' argument otherwise should be rejected by the Court.

ACDC Investments next argues that Skye Capital is inadequate due to a business dispute involving Mr. Cerchione. ECF No. 27 at 2-3, 12-14. The existence of a prior business dispute

does not make Skye Capital inadequate.  "To demonstrate that the lead plaintiff will be inadequate, courts require a showing of specific support in evidence of the existence of an actual or potential conflict of interest."  *Rice v. Genworth Fin. Inc.*, C.A. No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *24 (E.D. Va. Aug. 25, 2017).  Such proof must be "exacting" and "[t]he conflict of interest must be shown, not merely speculated." *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012). *See also India Globalization*, 2019 U.S. Dist. LEXIS 33329, at *24 ("[a]bsent some *proof* that [a movant] cannot fulfill its responsibilities, the presumption must stand") (emphasis in original).  ACDC Investments has failed to present "proof" of any such conflict of interest or inadequacy.

Mr. Cerchione is a sophisticated investor and businessman.  Early in his career, Mr. Cerchione served as Vice President in the Investment Banking Division at Morgan Stanley & Co. with responsibility over a variety of M&C and restructuring assignments.  Ex. 1-C (Cerchione CV).  Mr. Cerchione now serves as the Managing Partner/CEO of a European investment group and merchant capital provider.  Declaration at ¶ 4; Ex. 1-C.  In this role, Mr. Cerchione has led over $2 billion in investments in the EMEA market, including a co-investment in the AC Milan football club and Hotel Bauer S.p.A. and Hotel Palladio S.p.A. (both luxury five-star hotels in Venice).  *Id.*  Mr. Cerchione has also assumed various roles including directorships and board memberships in businesses such as C Management S.a.r.l. (a holding company of the Cipriani Group) and Sirti S.p.A., the largest Italian telecom infrastructure maintenance operator. Declaration at ¶ 6; Ex. 1-C.

Despite Mr. Cerchione's extensive investment, business, and fiduciary background, ACDC Investments falsely asserts that Mr. Cerchione has a "checkered" past because he, along with numerous other entities and individuals, were involved in a litigation well over 10 years ago.  The

complainant's allegations of dishonesty were just that – allegations that were never proven in a court or arbitration forum. S*ee, e.g.*, Declaration at ¶ 5. The allegations were not even "expressly asserted" at first by the plaintiff in the action (ECF No. 27-5 at ¶ 12), and they were denied by Mr. Cerchione and others (*e.g.*, *id.* at ¶¶ 8, 13-14). The court orders submitted by ACDC Investments relating to the lawsuit do not discuss a trial, nor evidence of guilt or innocence, and instead focus on an arbitration provision and other discovery type matters. *See* ECF Nos. 27-5 and 27-6. Significantly, the news article cited to by ACDC Investments ***does not*** state that there was a trial, as ACDC Investments incorrectly claims, and in fact notes that the "natural conclusion to draw here is that this case was settled out of court" and that the purported scheme was an "accusation[]," not proven. ECF No. 27-5 at 3, 4.

Under the circumstances, cases declining to appoint lead plaintiff movants with fraudulent pasts are irrelevant. And, in reality, although not on point, courts have appointed individuals with convictions of serious misconduct, not just mere accusations of such. *See, e.g.*, *Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *9 (C.D. Cal. Mar. 2, 2020) (appointing as lead plaintiff individual convicted of armed bank robbery in 2001 and sentenced to 97 months in prison); *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *17-18 (N.D. Cal. Apr. 28, 2016) (appointing as lead plaintiff entity despite its owner having "pled guilty to making false statements on a shipper's export declaration, in violation of federal law" 14 years prior).

Where competing movants have failed to show actual findings of serious misconduct, courts routinely reject similar adequacy arguments. *E.g.*, *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at *31-36 (C.D. Cal. Mar. 15, 2011) (rejecting adequacy argument where individual was president of a company audited by the Office

8

of Tax and Revenue with possible under-reporting by company because "inconclusive evidence of misconduct is insufficient to rebut the statutory presumption") (collecting cases); *Montoya v. Herley Indus. Inc.*, C.A. No. 06-2596, 2006 U.S. Dist. LEXIS 83343, at *6-7 (E.D. Pa. Nov. 14, 2006) (appointing as lead plaintiff individual who had settled fraud charges with SEC, finding allegations to be "purely speculative" with competing movant "unable to prove a violation by [movant]"). *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBrance & Co.*, 229 F.R.D. 395, 416 (S.D.N.Y. 2004) (rejecting adequacy argument where no facts showed "underlying wrongdoing was actually proven or otherwise established on the record"); *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682-83 (N.D. Cal. 1986) (appointing as lead plaintiff individual indicted by federal grand jury on charges of mail fraud and racketeering with several civil suits because not found guilty and suits settled or dismissed). Mr. Cerchione was not convicted of any misconduct, no misconduct was proven at all, and therefore inadequacy is not proven. Furthermore, the allegations against Mr. Cerchione were made over 10 years ago, a factor courts consider to weigh in favor of appointing as lead plaintiff individuals with proven past misconduct (which is not the case here). *See, e.g.*, *Chupa*, 2020 U.S. Dist. LEXIS 36506, at *11-12.[7]

---

[7] None of the cases cited by ACDC Investments compel a different conclusion. For example, in *In re Surebeam Corp. Securities Litigation* (ECF No. 27 at 3, 13), the movant was then-currently "subject to over sixty complaints to securities regulators including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments" and "had his National Association of Securities Dealers [] membership terminated." No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *21 (S.D. Cal. Jan. 5, 2004). And, in *Construction Workers Pension Trust Fund v. Navistar International Corporation* (ECF No. 27 at 14), the movant was found inadequate due to the fact that it had sold all its securities prior to all corrective disclosures and thus would not be motivated to prosecute claims relating to those disclosures. No. 13 C 2111, 2013 U.S. Dist. LEXIS 106246, *14-15 (N.D. Ill. July 30, 2013).

Skye Capital is a more than adequate class representative.  The large financial interest of Skye Capital ensures that it will vigorously prosecute the Action.  *Klugmann v. Am. Capital Ltd.*, No. PJM 09-5, 2009 U.S. Dist. LEXIS 71895, at *15 (D. Md. Aug. 12, 2009) ("Because of the large financial losses suffered by its own members, ACIG has a significant interest in successfully prosecuting this action."); *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *7 (S.D.N.Y. Apr. 12, 2018) (movants' "substantial losses provide a sufficient incentive to vigorously litigate this case").  No proof has been submitted to show that Skye Capital (or Mr. Cerchione) is inadequate or subject to unique defenses and therefore Skye Capital should be appointed as lead plaintiff in this Action.

## CONCLUSION

Based on the foregoing, Skye Capital respectfully requests that the Court:  (1) appoint Skye Capital as Lead Plaintiff on behalf the Class; (2) approve Skye Capital's selection of BES as Lead Counsel and Adelberg as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  July 12, 2022                    Respectfully submitted,

**ADELBERG, RUDOW, DORF & HENDLER, LLC**

By: */s/ Andrew Radding*
Andrew Radding (#00195)
7 St. Paul Street, Suite 600
Baltimore, Maryland 21202
Telephone:    (410) 986-0824
Facsimile:    (410) 539-5834
Email:        aradding@adelberg.com

*Liaison Counsel for Movant Skye Capital Partners*

10

**BRAGAR EAGEL & SQUIRE, P.C.**
Lawrence P. Eagel
Melissa A. Fortunato
Marion C. Passmore
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email:       eagel@bespc.com
             fortunato@bespc.com
             passmore@bespc.com

*Counsel for Movant Skye Capital Partners
and Proposed Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew Radding, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 12th day of July, 2022.

*/s/ Andrew Radding*
Andrew Radding

12