**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| MICHAEL J. ORTMANN, individually and on behalf of all others similarly situated | * |
| | * |
| **Plaintiff,** | * |
| **v.** | **Case No.: GJH-22-1335** |
| | * |
| AURINIA PHARMACEUTICALS INC., PETER GREENLEAF, and JOSEPH MILLER, | * |
| | * |
| **Defendants.** | * |
| | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Michael J. Ortmann, individually, and on behalf of all others similarly situated, brings this civil action against Defendants Aurinia Pharmaceuticals Inc., Peter Greenleaf, and Joseph Miller for violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10B-5. Pending before the Court are multiple motions for appointment as lead Plaintiff and approval of choice of counsel. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Movant Skye Capital Partners will be appointed lead Plaintiff and their choice of counsel is approved.

## I.    BACKGROUND[1]

Aurinia is a biopharmaceutical company that develops and commercializes therapies to treat various diseases with unmet medical need in Japan and China. The Company's only product is LUPKYNIS which is for adult patients with active lupus nephritis. ECF No. 1 ¶ 2. Plaintiff alleges that Defendants made false and misleading statements about Aurinia as it pertains to its revenues, sales outlook, commercial prospects, financial position, and public statements. *Id.* ¶ 3.

On May 6, 2021, Aurinia issued a press release reporting the Company's first quarter 2021 financial results and recent operational highlights. *Id.* ¶ 20. On that same day, Aurinia hosted an earnings call with investors and analysts. *Id.* ¶¶ 19, 20. Both the press release and the earnings call reported positively on the outlook of Aurinia and its earning potential. *Id.*

On August 5, 2021, Aurinia issued another press release reporting the company's second quarter and six-month 2021 financials. *Id.* ¶ 21. That same day, Aurinia likewise hosted an earnings call with investors and analysts. *Id.* ¶ 22. Both the press release and the earnings call further cemented a positive outlook on Aurinia and its financials with an estimated revenue of $40-50 million for 2021, and a strong future outlook for 2022. *Id.* ¶ 21.

On November 3, 2021, Aurinia issued another press release for the third quarter and nine-month 2021 financials. That same day, Aurinia hosted an earnings call with investors and analysts to discuss the third quarter 2021 results. *Id.* ¶¶ 23, 24. Both the press release and the earnings call presented an overwhelmingly positive outlook for Aurinia with a high earning potential of an estimated $40-50 million for 2021.

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

On February 16, 2022, Aurinia attended a Global Healthcare Conference in which Defendant Greenleaf, CEO of Aurinia, made positive statements about the financial outlook of Aurinia, stating that amongst other things "aggressive numbers will come from us." *Id.* ¶ 25.

Plaintiff states that all of these statements made from May 6, 2021, through February 16, 2022, were false and misleading because:

> (i) Aurinia failed to disclose that Aurinia was experiencing declining revenues; (ii) Aurinia's 2022 sales outlook for LUPKYNIS would fall well short of expectations; (iii) accordingly, the Company had significantly overstated LUPKYNIS's commercial prospects; (iv) as a result, the Company had overstated its financial position and/or prospects for 2022; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

*Id.* ¶ 26.

On February 28, 2022, Aurinia issued a press release announcing its financial results for the quarter and full year ended December 31, 2021. That press release provided a net revenue guidance of 115 to 135 million dollars from sales of LUPKYNIS for fiscal year 2022, which according to a market analyst, was "well short of expectations" with "wall street expecting the company's 2022 revenue forecast to come in around $178 million." *Id.* ¶¶ 27, 28. The report also showed a year-over-year decline. *Id.* ¶ 27. That same day, Aurinia's common share price fell 24.26%, closing at $12.30 per share. *Id.* ¶ 29.

On April 15, 2022, Plaintiff filed suit on behalf of himself and all others similarly situated in the United States District Court for the Eastern District of New York. ECF No. 1 at 1.[2] On June 2, 2022, by joint stipulation and order, the case was transferred to this Court. ECF No. 8.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II.     STANDARD OF REVIEW

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes a procedure governing "the appointment of lead plaintiffs and lead counsel in 'each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.'" *Klugmann v. Am. Capital Ltd.*, No. PJM 09-5, 2009 WL 2499521, at *2 (D. Md. Aug. 13, 2009) (citing 15 U.S.C. § 78u–4(a)(1)). As for appointing a lead Plaintiff, within twenty days of the filing of the complaint, the named plaintiff must publish a notice to the purported class, informing class members that they may move to be appointed lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i). Class members have 60 days to make such a motion. *Id.* Any member of the class may move to be appointed lead plaintiff, whether or not they are individually named as a plaintiff in the complaint. 15 U.S.C. § 78u–4(a)(3)(B)(i). *See Klugmann*, WL 2499521, at *2. The PSLRA provides the framework in which the Court must use to appoint a lead plaintiff.

## III.     DISCUSSION

The PSLRA instructs the district court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the statute, the court must adopt a presumption that the "most adequate plaintiff" is the person or group of persons that—

> (aa) has either filed the complaint or made a motion in response to a [PSLRA] notice …;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv03396-PWG, 2019 WL 1004591, at *3 (D. Md. Feb. 28, 2019). To rebut this presumption, a movant must "show that the presumptively most adequate plaintiff either 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Tchatchou*, WL 1004591, at *4 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Of those movants seeking to be appointed lead plaintiff, three have since withdrawn their motions or filed notices of non-opposition.[3] Remaining for the Court's determination are motions by movant Rasik-Desai, ECF No. 13; movant ACDC Investments Limited, ECF No. 14; and movant Skye Capital Partners, ECF No. 22. As an initial matter, all three of these movants have satisfied the first prong under the PSLRA and have filed a motion in response to a PSLRA notice. The Plaintiff in this action published a PSLRA notice of the pendency of the Action on April 15, 2022. *See* ECF No. 13-3. The notice informed members of the proposed class of the 60-day deadline of June 14, 2022, to seek appointment as lead Plaintiff. *Id.* All three of these movants filed their motions on June 14, 2022. *See* ECF Nos. 13, 14, and 22. As to the second prong, none of the parties' dispute that Skye Capital Partners is the movant with the largest financial interest, having lost approximately 6 million dollars as a result of Defendants' alleged misstatements and omissions.[4] ECF No. 22-1 at 9; ECF No. 22-4 at 3. Because Skye Capital is the movant with the largest financial interest, the Court begins its analysis by determining whether Skye Capital satisfies the requirements of Rule 23.

---

[3] ECF No. 26, notice of non-opposition filed by Andrew Sabin and Thomas Plossl; ECF No. 29, Notice of withdrawal of motion for appointment as lead plaintiff filed by Robert Steckroth; ECF No. 37, Notice of withdrawal of motion for appointment as lead plaintiff filed by Roney Balson.

[4] ACDC investments acknowledged in their reply motion, ECF No. 27, that Skye Capital Partners has a larger financial interest. Movant Rasik did not file a reply brief, but nonetheless only asserted losses of approximately 600,000, below both loss amounts of ACDC and Skye Capital.

**A. Rule 23 Requirements**

Rule 23 establishes the usual requirements for representing a class in class action litigation. *See* Fed. R. Civ. P. 23. Here, where the court's task is to select a lead plaintiff in a securities fraud suit, "the relevant portions of Rule 23 are those that aid the court in assessing 'whether the movant will be an appropriate class representative.'" *Tchatchou*, WL 1004591, at *6 (quoting *Ash v. PowerSecure Int'l, Inc.*, No. 4:14-92-D, 2014 WL 5100607, at *3 (E.D.N.C. Oct. 10, 2014)). Accordingly, "the court need only determine (1) whether the movant's claims or defenses are typical of the class's claims or defense [(typicality)], and (2) whether the movant will fairly and adequately protect the interests of the class [(adequacy)]." *Id.* at *6. "The proper inquiry at this stage is simply whether the movant has made a prima facie showing of typicality and adequacy." *Id.* at *7. The typicality requirement is satisfied "when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory." *Klugmann*, WL 2499521, at *5. The adequacy inquiry asks whether the movant "has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *Tchatchou*, WL 1004591, at *6. At this stage, Skye Capital has met its burden to show typicality and adequacy.

Skye Capital states that like other members of the class, they acquired Aurinia securities during the class period at prices that were artificially inflated by Defendants' false and misleading statements. They also have a significant compelling interest in prosecuting this action based on the large financial loss incurred and have demonstrated that it will protect the interests of the class by filing the instant motion and retaining experienced counsel. Further, they have no known conflicts of interests between them and other members of the class. *See* ECF No. 22-1 at

7–8. Accordingly, Skye Capital has satisfied the rule 23 requirements and has established a rebuttable presumption that they are the plaintiff that will most fairly and adequately represent the interests of the class. *See Tchatchou*, WL 1004591, at *6; *Klugmann*, WL 2499521, at *5. (Finding that the lead plaintiff met rule 23's requirements based on similar parameters).

The Court must next determine whether another movant has offered proof that the presumptively most adequate plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B. Rebuttable Presumption**

The only movant to challenge the rebuttable presumption raised by Skye Capital Partners is ACDC Investments, the movant with the second largest financial loss. ACDC states that Skye Capital is not the most adequate Plaintiff because they are subject to a unique defense as they failed to submit the statutorily required certification, as the certification they submitted had no indication that Mr. Cerchione, the individual who signed the certification, is authorized to act on behalf of Skye Capital. ECF No. 27 at 14. However, "it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit a certificate under 15 U.S.C. § 78u-4(a)(2)(A), since that section is entitled 'Certification Filed with Complaint.'" *Baron v. Talkspace, Inc.*, No. 22 CIV. 163 (PGG), 2022 WL 1912255, at *6 (S.D.N.Y. June 3, 2022). Furthermore, Skye Capital has since filed amended certifications that comply with the requirements under PSLRA. *See* ECF No. 38-2. Multiple courts have allowed certifications to be amended after the sixty-day deadline has passed. *See id.* at *6 (citing cases). Thus, this evidence is not enough to rebut the presumption raised by Skye Capital.

7

ACDC investments next states that Skye Capital is not the most adequate Plaintiff and is subject to a unique defense because of Mr. Cerchione's (the sole director of Skye Capital Partners), "alleged past fraudulent conduct." ECF No. 27 at 17. ACDC states that Skye Capital is inadequate to serve as lead Plaintiff because of a 2012 litigation where Mr. Cerchione was accused of using client assets to benefit himself. *Id.* However, ACDC must provide proof of fraudulent conduct or specific evidence of Mr. Cerchione's lack of "honesty" or "integrity" to show a conflict. "To demonstrate that the lead plaintiff will be inadequate, courts require a showing of 'specific support in evidence of the existence of an actual or potential conflict of interest.'" *Rice v. Genworth Fin. Inc.*, No. 3:17CV59, 2017 WL 3699859, at *9 (E.D. Va. Aug. 25, 2017). ACDC has not provided any such specific evidence, only reports of *allegations* of fraud. This is not enough. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 404 (S.D.N.Y. 2004) ("the Williams Group has provided no proof, as required by the PSLRA, that the Harper Woods Group is likely to drop out as lead plaintiff in this litigation. Without such proof, the citations to other cases provides only speculation as to such a possibility."). *See also* ECF No. 38-2, Declaration of Mr. Cerchione (stating that there was no trial in the purported action, the parties settled with no admission as to liability, and the company at issue in the action is no longer in operation). Thus, ACDC also fails to rebut the presumption raised by Skye Capital on this ground as well. The Court next evaluates Skye Capital's selection of Counsel. "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### C. Lead Counsel

Skye Capital Partners has chosen the law firm of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel and the law firm of Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg") as

Liaison Counsel to represent it in this matter. "The court has an obligation to assure that Lead Plaintiff's choice of representation best suits the needs of the class." *Tchatchou*, WL 1004591, at *9 (quoting *Johnson v. Pozen Inc.*, No. 1:07CV599, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008)). Whether the court accepts the lead plaintiff's choice of counsel is a matter of discretion. *Id.* None of the movants have raised concerns or otherwise challenged Skye Capital's selection of counsel. Further, the exhibits submitted illustrate that both firms have the necessary experience in prosecuting these types of actions. Thus, the Court finds that the appointment of these firms will protect the interests of the class. *See Klugmann*, WL 2499521, at *6; *Tchatchou*, WL 1004591, at *9 (granting selections of counsel where there were no challenges and where exhibits submitted showed counsels' expertise). Thus, the Court approves Skye Capitals selection of counsel.

## IV.     CONCLUSION

For the foregoing reasons, Skye Capital Partner's Motion is granted. A separate Order follows.


Date: <u>February 20, 2023</u>                    ____/s/_____
                                                 GEORGE J. HAZEL
                                                 United States District Judge