**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MICHAEL J. ORTMANN, Individually
and on Behalf of All Others Similarly
Situated,

          Plaintiff,

   v.

AURINIA PHARMACEUTICALS
INC., PETER GREENLEAF, and
JOSEPH MILLER,

          Defendants.

Civil Action No. 22-cv-1335-BAH

Hon. Brendan A. Hurson

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
<u>FEDERAL SECURITIES LAWS</u>**

Defendants Aurinia Pharmaceuticals Inc. ("Aurinia"), Peter Greenleaf, and

Joseph Miller (collectively, "Defendants"), by and through their undersigned

counsel, respectfully submit the recent decision by the Honorable Marilyn L. Huff

of the United States District Court for the Southern District of California dismissing

a securities fraud class action captioned *Lowe v. Tandem Diabetes Care, Inc. et al*,

2024 WL 1898473 (S.D. Cal. Apr. 30, 2024), attached hereto as Exhibit 1.  Judge

Huff's decision is relevant to the Court's consideration of Defendants' pending

Motion to Dismiss Plaintiff's Amended Class Action Complaint for Violations of

1

the Federal Securities Laws (Dkt. No. 71, the "Motion," supported by Dkt. No. 73, Defendants' "Reply") and Plaintiff's Opposition thereto (Dkt. No. 72, the "Opposition").

The plaintiffs' allegations in *Lowe* are very similar to Plaintiff's allegations here. In *Lowe*, the plaintiffs alleged that the defendants were aware of but did not disclose "Three Headwinds," or adverse market conditions, which rendered their statements regarding the defendant company's financial projections and market conditions materially false and misleading. *Lowe*, 2024 WL 1898473 at *9. Also, like Plaintiff here, the plaintiffs in *Lowe* relied heavily on the alleged statements of former employee confidential witnesses ("CWs") to support their allegations. *Id*. at *6. In her detailed decision, Judge Huff held that (1) none of the CWs' alleged statements were sufficiently pled to establish their reliability or personal knowledge (*id*. at *6–7); (2) the plaintiffs "failed to adequately plead that the challenged statements were false or materially misleading when made" (*id*. at *9); and (3) the plaintiffs failed to allege a plausible motive and to allege "specific facts as to each Individual Defendant's improper state of mind to support a strong inference of scienter" (*id*. at *11).

***First***, Judge Huff noted that one CW was a "territory manager" who supervised the defendant company's salespeople in a single region of the U.S. *Id*. at *6. As such, it was "not clear how [the CW] would have personal knowledge

2

regarding sales in other regions or the general market conditions across the [U.S.]." *Id*. The plaintiffs did not allege that the CW "knew or was able to know or access Tandem's financial reports, forecasting techniques, or other financial data that would implicate how the Company evaluated or discounted the Three Headwinds in creating it sales forecasts and estimates." *Id*. Thus, the plaintiffs "fail[ed] to adequately allege that [the CW] was in a position to have the requisite personal knowledge regarding the impact of the Three Headwinds at a company-wide level." *Id*. Judge Huff found the other CW unreliable for similar reasons. *Id*. at *7. Here, Plaintiff's CWs, the majority of which were regional sales representatives with no visibility into LUPKYNIS' commercial sales nationwide, are likewise unreliable. *See* Dkt. No. 71 at 21–23; Dkt. No. 73 at 4–7.

**Second**, Judge Huff rejected the plaintiffs' falsity allegations because the defendants had disclosed and warned investors about the Three Headwinds (Covid-19 challenges, macroeconomic factors, and competition) in earnings calls and SEC filings. *Lowe*, 2024 WL 1898473 at *9–10. In light of these disclosures, statements referring to a "momentum build" and "positive shift" in sales, statements that competitive headwinds "were dissipating" and "returning to normal," and statements such as "we estimate that over the next few quarters that we'll start to see [competitive noise] dissipate" and "we think that things will settle down in a quarter or two" were not false or misleading. *Id*. at *10. Judge Huff also found no

3

*contemporaneous* facts in the plaintiffs' complaint showing that any challenged statement was materially false or misleading **when made**.  *Id*.  Likewise here, Defendants disclosed **all** of the allegedly omitted information, and Plaintiff has failed to allege facts demonstrating the alleged falsity of Defendants' statements when made.  Dkt. No. 71 at 23–26.

*Third*, Judge Huff held that the plaintiffs' motive allegations were unconvincing because "simply wanting to avoid a stock decline is far too common to support an inference of scienter," especially where no individual defendant is alleged to have sold stock during the class period.  *Lowe*, 2024 WL 1898473 at *11 (internal quotations and citation omitted).  Plaintiff's motive allegations here likewise fail because they consist only of motivations that are common to all companies and executives, and no Individual Defendant is alleged to have sold stock during the class period.  *See* Dkt. No. 71 at 29–31.  Judge Huff also found that the plaintiffs' complaint "lack[ed] specific facts as to each Individual Defendant's improper state of mind" and "lacked specific allegations that Defendants were aware of or reckless in not knowing any negative information" contradicting their statements.[1]  *Lowe*, 2024 WL 1898473 at *11.  Judge Huff further rejected the plaintiffs' core operations theory, holding that "management's general awareness of

---

[1] Here, Plaintiff expressly concedes that "*there are no allegations of negative internal reports*."  Dkt. No. 72 at 18 (emphasis added).

the day-to-day workings of the company's business does not establish scienter—at least absent some additional allegation of specific information conveyed to management and related to the fraud." *Id*.

In short, *Lowe* reinforces Defendants' arguments that Plaintiff's CWs, most of whom are alleged to have had only regional knowledge of Aurinia's operations and none of whom are alleged to have had any knowledge whatsoever regarding any Individual Defendant's state of mind, are unreliable. *Lowe* also demonstrates why Plaintiffs' falsity and scienter claims, particularly in the context of Defendants' extensive and repeated risk disclosures, should be dismissed.

Dated: May 7, 2024                    **COOLEY LLP**

By:  */s/ David E. Mills*
David E. Mills
1299 Pennsylvania Avenue, NW,
Suite 700
Washington, DC 20004-2400
Tel: (202) 842-7800
dmills@cooley.com

Koji Fukumura (admitted *pro hac vice*)
Ryan Blair (admitted *pro hac vice*)
Heather Speers (admitted *pro hac vice*)
10265 Science Center Drive
San Diego, CA 92121-1117
Tel: (858) 550-6000
kfukumura@cooley.com
rblair@cooley.com
hspeers@cooley.com

*Counsel for Defendants Aurinia
Pharmaceuticals Inc., Peter Greenleaf, and
Joseph Miller*

5